# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **BLUE BIRD BODY COMPANY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:10-CV-63 (MTT) |
| | ) |
| **BANCO AFRICANO DE INVESTIMENTOS** | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on Defendant Banco Africano De Investimentos's ("BAI") Motion to Dismiss (the "Motion") (Doc. 7). The Motion seeks the dismissal, or in the alternative a stay, of Blue Bird Body's ("Body") declaratory judgment action because there is a previously filed lawsuit arising from the same facts in a Delaware state court. In the Delaware action, BAI alleges Blue Bird Corporation ("Corporation") breached a contract to pay BAI a credit enhancement fee. Corporation, which is Body's parent, contends that Body is actually the party that allegedly contracted with BAI. On July 22, 2010, the Delaware court denied Corporation's motion to dismiss, concluding that the complaint stated a claim against Corporation and rejecting Corporation's *forum non conveniens* contention. In this declaratory action, Body, like Corporation, contends that Body is the proper party to the dispute.

Both parties, in their briefs, claim to have the solution to their problem and, remarkably, their respective solutions are the same – Body should be a party to the Delaware action. BAI argues Body should intervene in the Delaware action, and Body argues BAI should join it as a defendant. However, in a remarkably unhelpful telephone

conference, both parties seemed unable to discern a way to reach their common goal. BAI's rejection of Body's apparent consent to joinder in the Delaware action is particularly mystifying in view of Corporation's contention that Body, an apparently solvent company, is the proper party and Body's representation that Corporation is, essentially, insolvent. Thus, not only is BAI facing an empty chair argument in the Delaware action, the chair it has filled may be occupied by a judgment proof defendant. Body's position during the telephone conference was difficult to determine, unless the Court assumes that what Body really wishes is to have the issue resolved on its perceived home turf, a not unreasonable wish as a practical matter, but, as a legal matter, a wish not likely to be granted.

Abstention is appropriate. Under the abstention doctrine, a district court may decline to exercise (dismiss) or postpone the exercise of jurisdiction (stay). *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 813 (1976). In *Colorado River*, the Supreme Court clarified that that "[g]enerally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction….'" *Id.* at 817 (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)). This means that "federal courts can abstain to avoid duplicative litigation with state court only in 'exceptional' circumstances." *Ambrosia Coal & Constr. Co. v. Pages Morales*, 368 F.3d 1320, 1328 (11th Cir. 2004) (quoting *Colorado River Water Conservation Dist.*, 424 U.S. at 818). The Eleventh Circuit deems *Colorado River* analysis applicable as a threshold matter when the proceedings involve "substantially the same parties and substantially the same issues." *Ambrosia Coal & Constr. Co.,* 368 F.3d at 1330. The Supreme Court

announced a three-factor test for analyzing the permissibility of abstention in *Colorado River*,[1] but the Eleventh Circuit applies a six-factor test:

> (1) whether one of the courts has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the potential for piecemeal litigation; (4) the order in which the forums obtained jurisdiction[;] (5) whether state or federal law will be applied; and (6) the adequacy of the state court to protect the parties' rights.

*Am. Bankers Ins. Co. of Fla. v. First State Ins. Co.,* 891 F.2d 882, 884 (11th Cir.1990) (citations omitted).

This case is exceptional and warrants abstention. The first factor does not apply because this is a breach of contract case. The second factor favors proceeding with the action because both Body and Corporation have their headquarters in Fort Valley, Georgia, although Corporation has incorporated in Delaware. The third factor favors abstention because there will be piecemeal litigation if the lawsuit is not tried in one court. The fourth factor favors abstention because the Delaware state court action was filed first. The fifth factor favors abstention because the case is a state law breach of contract claim. Last, the sixth factor weighs in favor of abstention because the Delaware state court can protect the parties' rights if all of the parties are in the same forum. Both actions involve the same breach of contract dispute between BAI and a party named Blue Bird.

---

[1] The Supreme Court looks at "the inconvenience of the federal forum, the desirability of avoiding piecemeal litigation, and the order in which jurisdiction was obtained by the concurrent forums." *Colorado River Water Conservation Dist.*, 424 U.S. at 818 (citations omitted). No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required. *Id.* at 818-19.

In addition, abstention is appropriate because the matter before this Court is a declaratory action. The narrow application of the abstention doctrine does not apply to declaratory judgment proceedings. The Supreme Court noted in *Brillhart v. Excess Ins. Co. of Am.* that:

> [o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

316 U.S. 491, 495 (1942).

Numerous Eleventh Circuit cases have followed the *Brillhart* approach to abstention in federal declaratory judgment cases. *Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc.*, 420 F.3d 1317, 1325 (11th Cir. 2005); *Angora Enter., Inc. v. Condo. Ass'n of Lakeside Vill.*, 796 F.2d 384, 388 (11th Cir. 1986); *Mich. Tech Fund v. Century Nat. Bank of Broward*, 680 F.2d 736, 742 (11th Cir. 1982). As the Eleventh Circuit said in *Angora Enterprises*, "'it is not the function of the federal declaratory action merely to anticipate a defense that otherwise would be presented in a state action.'" *Angora Enter., Inc.*, 796 F.2d at 388 (quoting 10A Fed. Prac. & Proc. Civ. § 2758 at 630-32 (2d ed.) (footnotes omitted)).

This Court finds that a stay is a more suitable form of abstention. Accordingly, the Motion is **DENIED** without prejudice insofar as it seeks to dismiss the action before this Court. The Motion is **GRANTED** insofar as it seeks a stay of the action before this

Court. The parties shall provide updates regarding the progress and status of the Delaware state action every 90 days.

**SO ORDERED**, this the 1st day of September, 2010.

            <u>S/ Marc T. Treadwell</u>
            MARC T. TREADWELL, JUDGE
            UNITED STATES DISTRICT COURT

jj